UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE NOBLES,

     Plaintiff,

v.                             **Case No:**

NCC BUSINESS SERVICES,
INC. and MICHAELSON
GROUP, INC. d/b/a GRIFFIN       **DEMAND FOR JURY TRIAL**
PARK APARTMENTS,

     Defendants.
_____/

PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT

     **COMES NOW**, Plaintiff, **NICOLE NOBLES** ("Mrs. Nobles" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **NCC BUSINESS SERVICES, INC.** ("Debt Collector") and **MICHAELSON GROUP, INC. d/b/a GRIFFIN PARK APARTMENTS** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

     1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by placing phone calls to Mrs. Nobles' cellular telephone in attempts to collect such debt by using an automatic telephone dialing system or artificial voice or prerecorded message even after Mrs. Nobles revoked consent for Defendant to place such calls, which has harassed Mrs. Nobles.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.      Plaintiff, Mrs. Nobles, was and is a natural person and, at all times material hereto, is an adult, a resident of Polk County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Mrs. Nobles is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-9100 ("Mrs. Nobles' Cellular Telephone").

7.     At all times material hereto, Debt Owner was and is a Florida profit corporation with its principle place of business in the State of FL and its registered agent, MICHAEL N MOSES, located at 12443 San Jose Blvd., Suite 604, Jacksonville, Florida 32223.

8.     At all times material hereto, Debt Collector was and is a Florida profit corporation with its principle place of business in the State of FL and its registered agent, REGISTERED AGENT SOLUTIONS, INC., located at 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

9.     Further, at all times material hereto, Debt Collector was and is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

10.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mrs. Nobles' alleged debt.

11.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mrs. Nobles' alleged debt for Debt Owner.

12.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mrs. Nobles' information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Mrs. Nobles' information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or script for Debt Collector to use when communicating with Mrs. Nobles in connection with the collection of the alleged debt.

17.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA, FDCPA, and TCPA violations when calling Mrs. Nobles' Cellular Telephone and Debt Owner failed to stop such violations by Debt Collector.

18.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mrs. Nobles' alleged debt on behalf of Debt Owner.

### *Statements of Fact*

19.     On or around September 1, 2017, Mrs. Nobles entered into a residential lease agreement ("Lease") with Debt Owner for the apartment located at 1017 Griffin Road, Apartment 419, Lakeland, Florida 33805 ("Apartment").

20.     The Lease provided that it would expire on August 31, 2018.

21.     On April 30, 2018, Mrs. Nobles delivered her written notice of intent to vacate to Debt Owner indicating that Mrs. Nobles purchased a home and would be vacating by May 30, 2018 ("Notice of Intent to Vacate"). *See* **Exhibit A.**

22.     Mrs. Nobles also stated in her Notice of Intent to Vacate that she was aware of the lease cancellation fee and was willing to work out a payment arrangement for the balance owed, but requested that Debt Owner keep in touch with Mrs. Nobles at Mrs. Nobles' new address prior to sending any outstanding balance to collections.

23.     Pursuant to Mrs. Nobles' Notice of Intent to Vacate, Mrs. Nobles vacated the Apartment before the end of May 2018.

24.     Sometime thereafter, the Debt was sold, assigned, or transferred to Debt Collector for collection purposes.

25.     On June 13, 2018, Debt Collector sent Mrs. Nobles a collection letter that demanded a total balance owed of $1,340.00 ("Debt"), identified Debt Owner as the original and current creditor, and included three payment options—payments by internet, by phone, and by mail ("Collection Letter"). *See* **Exhibit B.**

26.     In or around June of 2018, Debt Collector also began placing calls to Mrs. Nobles' Cellular Telephone in attempts to collect the Debt.

27.     In or around the beginning of June 2018, Debt Collector called Mrs. Nobles' Cellular Telephone and informed Mrs. Nobles that the alleged Debt would be placed on Mrs. Nobles' credit report at the end of that month if she did not pay the alleged Debt.

28.     On June 28, 2018, Mrs. Nobles mailed a certified letter to Debt Collector requesting verification of the Debt and demanding that all calls to Mrs. Nobles' Cellular Telephone cease ("Cease Letter"). *See* **Exhibit C.**

29.     Debt Collector received the Cease Letter the very next morning.

30.     Despite Mrs. Nobles' demands that Debt Collector's calls to her Cellular Telephone stop, Debt Collector continued to place calls to Mrs. Nobles' Cellular Telephone in attempts to collect the Debt.

31.     Debt Collector called Mrs. Nobles' Cellular Telephone at least twenty (20) times during the time period between June 2018 and the present.

32.     Mrs. Nobles has been harassed due to the frequency and timing of Debt Collector's attempted collection of the alleged Debt.

33.     Debt Collector called Mrs. Nobles' Cellular Telephone from several different telephone numbers, including, but not limited to: 888-880-6020.

34.     All of Debt Collector's calls to Mrs. Nobles' Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act ("TCPA")* <br> *(as against Debt Collector)*

35.     Mrs. Nobles re-alleges paragraphs 1-34 and incorporates the same herein by reference.

36.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

37.     Mrs. Nobles revoked consent to have Debt Collector call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around June 28, 2018 when she mailed a certified letter to Debt Collector that expressly stated Debt Collector must cease calls to Mrs. Nobles' Cellular Telephone.

38.     Despite this revocation of consent, Debt Collector thereafter called Mrs. Nobles' Cellular Telephone at least twenty (20) times.

39.     Debt Collector did not place any emergency calls to Mrs. Nobles' Cellular Telephone.

40.     Defendant willfully and knowingly placed non-emergency calls to Mrs. Nobles' Cellular Telephone.

41.     Mrs. Nobles knew that Debt Collector called Mrs. Nobles' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Debt Collector on her Cellular Telephone before a live representative of Debt Collector came on the line.

42.     Mrs. Nobles knew that Debt Collector called Mrs. Nobles' Cellular Telephone using a prerecorded voice because Debt Collector left Mrs. Nobles at least one voicemail using a prerecorded voice.

43.     Debt Collector used an ATDS when it placed at least one call to Mrs. Nobles' Cellular Telephone.

44.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mrs. Nobles' Cellular Telephone.

45.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty (20) calls to Mrs. Nobles' Cellular Telephone.

46.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mrs. Nobles' Cellular Telephone.

47.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

48.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

49.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

50.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

51.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a prerecorded voice.

52.     Debt Collector has recorded at least one conversation with Mrs. Nobles.

53.     Debt Collector has recorded more than one conversation with Mrs. Nobles.

54.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mrs. Nobles, for its financial gain.

55.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Nobles' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

56.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mrs. Nobles, despite individuals like Mrs. Nobles revoking any consent that Debt Collector believes it may have to place such calls.

57.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mrs. Nobles' Cellular Telephone.

58.     Debt Collector has corporate policies to abuse and harass consumers like Mrs. Nobles despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

59.     Debt Collector's phone calls harmed Mrs. Nobles by trespassing upon and interfering with Mrs. Nobles' rights and interests in her Cellular Telephone line.

60.     Debt Collector's phone calls harmed Mrs. Nobles by wasting her time.

61.     Debt Collector's phone calls harmed Mrs. Nobles by being a nuisance and causing her aggravation.

62.     Debt Collector's phone calls harmed Mrs. Nobles by causing a risk of personal injury to Mrs. Nobles due to interruption and distraction.

63.     Debt Collector's phone calls have damaged Mrs. Nobles by causing her stress.

64.     Debt Collector's phone calls have damaged Mrs. Nobles by causing her emotional distress.

65.     Debt Collector's phone calls have damaged Mrs. Nobles by being an annoyance.

66.     Debt Collector's phone calls have damaged Mrs. Nobles by harming her reputation.

67.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c.   Awarding Plaintiff costs;

   d.   Ordering an injunction preventing further wrongful contact by the Debt Collector; and

    e.   Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Telephone Consumer Protection Act ("TCPA")*
### *(as against Debt Owner)*

68.    Mrs. Nobles re-alleges paragraphs 1-34 and incorporates the same herein by reference.

69.    At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

70.    The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

71.    Mrs. Nobles revoked consent to have Debt Collector call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message on or around June 28, 2018 when she mailed a certified letter to Debt Collector that expressly stated Debt Collector must cease calls to Mrs. Nobles' Cellular Telephone.

72.    Despite this revocation of consent, Debt Collector thereafter called Mrs. Nobles' Cellular Telephone at least twenty (20) times.

73.    Debt Collector did not place any emergency calls to Mrs. Nobles' Cellular Telephone.

74.     Debt Collector willfully and knowingly placed non-emergency calls to Mrs. Nobles' Cellular Telephone.

75.     Mrs. Nobles knew that Debt Collector called Mrs. Nobles' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Debt Collector on her Cellular Telephone before a live representative of Debt Collector came on the line.

76.     Mrs. Nobles knew that Debt Collector called Mrs. Nobles' Cellular Telephone using a prerecorded voice because Debt Collector left Mrs. Nobles at least one voicemail using a prerecorded voice.

77.     Debt Collector used an ATDS when it placed at least one call to Mrs. Nobles' Cellular Telephone.

78.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mrs. Nobles' Cellular Telephone.

79.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty (20) calls to Mrs. Nobles' Cellular Telephone.

80.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mrs. Nobles' Cellular Telephone.

81.     At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

82.   At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

83.   At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

84.   At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

85.   At least one call that Debt Collector placed to Mrs. Nobles' Cellular Telephone was made using a prerecorded voice.

86.   Debt Collector has recorded at least one conversation with Mrs. Nobles.

87.   Debt Collector has recorded more than one conversation with Mrs. Nobles.

88.   Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mrs. Nobles, for its financial gain.

89.   Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Nobles' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal

of the called party and recipient of the calls' Cellular Telephone number from Debt Collector's call list.

90.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mrs. Nobles, despite individuals like Mrs. Nobles revoking any consent that Debt Collector believes it may have to place such calls.

91.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mrs. Nobles' Cellular Telephone.

92.     Debt Collector has corporate policies to abuse and harass consumers like Mrs. Nobles despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

93.     Debt Collector's phone calls harmed Mrs. Nobles by trespassing upon and interfering with Mrs. Nobles' rights and interests in her Cellular Telephone line.

94.     Debt Collector's phone calls harmed Mrs. Nobles by wasting her time.

95.     Debt Collector's phone calls harmed Mrs. Nobles by being a nuisance and causing her aggravation.

96.     Debt Collector's phone calls harmed Mrs. Nobles by causing a risk of personal injury to Mrs. Nobles due to interruption and distraction.

97.     Debt Collector's actions have damaged Mrs. Nobles by causing her stress.

98.     Debt Collector's actions have damaged Mrs. Nobles by causing her emotional distress.

99.     Debt Collector's actions have damaged Mrs. Nobles by being an annoyance.

100.    Debt Collector's actions have damaged Mrs. Nobles by harming her reputation.

101.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Debt Owner, including through agents such as Debt Collector; and

    e.   Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

102.    Mrs. Nobles re-alleges paragraphs 1-34 and incorporates the same herein by reference.

103.    Mrs. Nobles is a "consumer" within the meaning of the FDCPA.

104.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

105.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

106.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated 15 U.S.C. § 1692 c(c) by contacting Mrs. Nobles' Cellular Telephone after Mrs. Nobles sent a certified letter to Debt Collector demanding Debt Collector cease all calls to Mrs. Nobles' Cellular Telephone.

    b.   Debt Collector violated 15 U.S.C. § 1692 d(5) by causing Mrs. Nobles' Cellular Telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Mrs. Nobles even after Mrs. Nobles revoked consent for Debt Collector to place such calls.

    c.   Debt Collector violated 15 U.S.C. § 1692 g(b) by calling Mrs. Nobles' Cellular Telephone after Debt Collector had received Mrs. Nobles' Cease Letter that requested validation of the alleged Debt, which required Debt Collector to cease collection efforts until Debt Collector responded to Mrs. Nobles' request.

107.    As a result of the above violations of the FDCPA, Mrs. Nobles has been subjected to illegal collection activities for which she has been damaged.

108.    Debt Collector's phone calls harmed Mrs. Nobles by trespassing upon and interfering with Mrs. Nobles' rights and interests in her Cellular Telephone line.

109.    Debt Collector's phone calls harmed Mrs. Nobles by wasting her time.

110.    Debt Collector's phone calls harmed Mrs. Nobles by being a nuisance and causing her aggravation.

111.    Debt Collector's phone calls harmed Mrs. Nobles by causing a risk of personal injury to Mrs. Nobles due to interruption and distraction.

112.    Debt Collector's phone calls have damaged Mrs. Nobles by causing her stress.

113.    Debt Collector's phone calls have damaged Mrs. Nobles by causing her emotional distress.

114.    Debt Collector's phone calls have damaged Mrs. Nobles by being an annoyance.

115.    Debt Collector's phone calls have damaged Mrs. Nobles by harming her reputation.

116.    It has been necessary for Mrs. Nobles to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

117.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.    Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.    Awarding actual damages;

    c.    Awarding costs and attorneys' fees; and

d.  Any other and further relief as this Court deems equitable.

## *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

118.    Mrs. Nobles re-alleges paragraphs 1-34 and incorporates the same herein by reference.

119.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Nobles' Cellular Telephone despite Mrs. Nobles' demand in her Certified Letter that Debt Collector cease its calls, which can reasonably be expected to harass Mrs. Nobles.

120.    As a result of the above violations of the FCCPA, Mrs. Nobles has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

121.    Debt Collector's phone calls harmed Mrs. Nobles by trespassing upon and interfering with Mrs. Nobles' rights and interests in her Cellular Telephone line.

122.    Debt Collector's phone calls harmed Mrs. Nobles by wasting her time.

123.    Debt Collector's phone calls harmed Mrs. Nobles by being a nuisance and causing her aggravation.

124.    Debt Collector's phone calls harmed Mrs. Nobles by causing a risk of personal injury to Mrs. Nobles due to interruption and distraction.

125.    Debt Collector's phone calls have damaged Mrs. Nobles by causing her stress.

126.    Debt Collector's phone calls have damaged Mrs. Nobles by causing her emotional distress.

127.    Debt Collector's phone calls have damaged Mrs. Nobles by being an annoyance.

128.    Debt Collector's phone calls have damaged Mrs. Nobles by harming her reputation.

129.    It has been necessary for Mrs. Nobles to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

130.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.    Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.    Awarding actual damages;

c.    Awarding punitive damages;

d.    Awarding costs and attorneys' fees;

e.    Ordering an injunction preventing further wrongful contact by the Defendant; and

f.    Any other and further relief as this Court deems equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Owner)*

131.    Plaintiff re-alleges paragraphs 1-34 and incorporates the same herein by reference.

132.    Debt Owner violated the FCCPA.  Debt Owner's violations include, but are not limited to, the following:

a.    Debt Owner violated Fla. Stat. § 559.72(7) by assigning Debt Collector to collect a Debt from Mrs. Nobles without notifying Mrs. Nobles and by authorizing Debt Collector to continue to place calls to Mrs. Nobles' Cellular Telephone despite Mrs. Nobles' revoking consent, which can reasonably be expected to harass Mrs. Nobles.

133.    At all times relevant hereto, Debt Owner was also vicariously liable for the actions of Debt Collector.

134.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.    Debt Collector violated Fla. Stat. § 559.72(7) by continuing to place calls to Mrs. Nobles' Cellular Telephone despite Mrs. Nobles' demand in her Cease Letter that Debt Collector stop its calls, which can reasonably be expected to harass Mrs. Nobles.

135.    As a result of the above violations of the FCCPA, Mrs. Nobles has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

136.    Defendants' actions have harmed Mrs. Nobles by trespassing upon and interfering with Mrs. Nobles' rights and interests in her Cellular Telephone line.

137.    Defendants' actions have harmed Mrs. Nobles by wasting her time.

138.    Defendants' actions have harmed Mrs. Nobles by being a nuisance and causing her aggravation.

139.    Defendants' actions have harmed Mrs. Nobles by causing a risk of personal injury to Mrs. Nobles due to interruption and distraction.

140.    Defendants' actions have damaged Mrs. Nobles by causing her stress.

141.    Defendants' actions have damaged Mrs. Nobles by causing her emotional distress.

142.    Defendants' actions have damaged Mrs. Nobles by being an annoyance.

143.    Defendants' actions have damaged Mrs. Nobles by harming her reputation.

144.    It has been necessary for Mrs. Nobles to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

145.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems equitable.


## DEMAND FOR JURY TRIAL

Plaintiff, Nicole Nobles, demands a trial by jury on all issues so triable.


Respectfully submitted this **October 30, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff